| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Misty Perry Isaacson<br>Bar Number: 193204<br>Pagter and Perry Isaacson<br>1851 East First Street Suite 700<br>Santa Ana, CA 92705<br>Phone: (714) 541-6072<br>Email: misty@ppilawyers.com<br><br>☐ Debtor appearing without attorney<br>☑ Attorney for Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>James Fredric Chapel, Jr<br><br>Elizabeth Grace Chapel<br><br><br><br><br>Debtor(s). | CASE NUMBER: 8:23-bk-12569-MH<br>CHAPTER 13 |
|---|---|
| | **DEBTOR'S NOTICE OF<br>(1) 11 U.S.C. SECTION 341(a) MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN, WITH COPY OF CHAPTER 13 PLAN** |
| | **11 U.S.C. SECTION 341(a) MEETING OF CREDITORS:**<br>DATE: 01/09/2024<br>TIME: 9:00 a.m.<br><br>**PLAN CONFIRMATION HEARING:**<br>DATE: 02/08/2024<br>TIME: 10:30 a.m.<br><br>**DEADLINE FOR OBJECTIONS TO PLAN\*:** 01/25/2024<br><br>(\*Debtor(s) must give at least 21 days' notice of response deadline and 35 days' notice of confirmation hearing. This notice initially must be served at least 14 days before the date first set for the Section 341(a) meeting. FRBP 2002(a)(9)&(b)(3), 3015(f), LBR 3015-1(b)(3), (d)(1) & (g)(1).) |

## NOTICE TO ALL CREDITORS AND OTHER INTERESTED PARTIES:

1. Debtor will seek approval of the attached Chapter 13 Plan (Plan) at the Plan confirmation hearing listed above.

2. Any proposed modification of secured claims in the Plan will be by separate motion using LBR Form F 4003- 2.4.JR.LIEN.MOTION, F 4003-2.1.AVOID.LIEN.RP.MOTION *or* F 4003-2.2.AVOID.LIEN.PP.MOTION as applicable.

3. Debtor and Attorney for Debtor are required to appear at the 11 U.S.C. Section 341(a) meeting of creditors; and all other interested parties are invited, but not required, to attend.

4. You should read these papers carefully and discuss them with your attorney, if you have one. *(If you do not have an attorney, you may wish to consult one.)*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 3015-1.02.NOTICE.341.CNFRM**

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

## SECTION 341(A) MEETING LOCATION:

☐ 915 Wilshire Boulevard, 10th Floor, Room 1, Los Angeles, CA

☐ 411 West Fourth Street, 1st Floor, Room 1-154, Santa Ana, CA

☐ 21041 Burbank Boulevard, 1st Floor, Suite 100, Woodland Hills, CA

☐ 1415 State Street, 1st Floor, Room 148, Santa Barbara, CA

☐ 3801 University Avenue, 1st Floor, Room 148, Riverside, CA

☑ VIDEO CONFERENCE, GO TO TRUSTEE WEBSITE, FOR INSTRUCTIONS (www.ch13ac.com)

## PLAN CONFIRMATION HEARING LOCATION:

☐ 255 East Temple Street, Los Angeles, CA         ☑ 411 West Fourth Street, Santa Ana, CA

☐ 21041 Burbank Boulevard, Woodland Hills, CA         ☐ 1415 State Street, Santa Barbara, CA

☐ 3420 Twelfth Street, Riverside, CA
Courtroom:    6C    Floor:    6th

**OBJECTIONS TO PLAN:** If you object to the confirmation of the Plan, you must file your objection in writing with the court and serve a copy of it on Debtor, Attorney for Debtor, and the Chapter 13 Trustee before the Plan objection deadline stated above. Unless you timely file a written objection to the Plan and appear at the confirmation hearing, the court may treat your failure to do so as a forfeiture or waiver of your right to object to the plan, and may approve the Plan.

**APPEARANCES OF DEBTOR AND ATTORNEY FOR DEBTOR ARE REQUIRED AT BOTH THE SECTION 341(A) MEETING AND THE PLAN CONFIRMATION HEARING.** If the Chapter 13 Trustee determines at the Section 341(a) meeting that the case is ready for Plan confirmation, the Chapter 13 trustee may, but is not required to, stipulate that Debtor and counsel are excused from appearance at the Plan confirmation hearing (if the assigned judge permits the Chapter 13 Trustee to waive appearances). If the Chapter 13 Trustee determines at the Section 341(a) meeting that the Plan is NOT ready for confirmation, the Chapter 13 Trustee may, but is not required to, continue the Section 341(a) meeting and/or to request the court to continue the Plan confirmation hearing to a later date. **Unexcused failure by Debtor to appear at either the Section 341(a) meeting or the Plan confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on being a debtor in any bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g), or other remedies pursuant to applicable law.**

Date:    12/06/2023                    /s/ Misty Perry Isaacson
                                                    Signature of Debtor or Attorney for Debtor


                                                    Pagter and Perry Isaacson
                                                    Print name of law firm (if applicable)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>Misty Perry Isaacson<br>Bar Number: 193204<br>Pagter and Perry Isaacson<br>1851 East First Street Suite 700<br>Santa Ana, CA 92705<br>Phone: (714) 541-6072<br>Email: misty@ppilawyers.com | FOR COURT USE ONLY |
| ☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br><br>Chapel, James Fredric<br><br>Chapel, Elizabeth Grace<br><br><br><br><br><br>Debtor(s). | CASE NUMBER:<br><br>CHAPTER 13 |

### CHAPTER 13 PLAN

☑ Original

☐ _____ Amended*

*list below which sections have been changed:

[FRBP 3015(b); LBR 3015-1]

**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**
**Date:**
**Time:**
**Address:**

**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**
**Date:**
**Time:**
**Address:**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                            Page 1                                            **F 3015-1.01.CHAPTER13.PLAN**

*"Bankruptcy Code" and "11 U.S.C."* refer to the United States Bankruptcy Code, Title 11 of the United States Code.
*"FRBP"* refers to the Federal Rules of Bankruptcy Procedure. *"LBR"* and *"LBRs"* refer to the Local Bankruptcy Rule(s) of this court.

# Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

 **The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included ☑ **Not Included**

1.2 **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included ☑ **Not Included**

1.3 **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included ☑ **Not Included**

1.4 **Other Nonstandard Plan provisions, set out in Section IV:**
☑ **Included** ☐ Not Included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

# Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

# Section I. PLAN PAYMENT AND LENGTH OF PLAN

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019* Page 2 **F 3015-1.01.CHAPTER13.PLAN**

Payments by Debtor of:

_____$961.76_____ per month for months ____1____ through ____60____ totaling _____$57,705.60_____ .

For a total plan length of ____60____ months totaling _____$57,705.60_____ .

**B.** Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is _____$889,580.09_____

1. Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☐ **"Percentage" plan:** _____ of the total amount of these claims, for an estimated total payment of _____ .

   b. ☑ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of _____$48,935.04_____ and __5.50%__ to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   a. the sum of _____$904.15_____ , representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   b. if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of ____($90,023.76)____ , representing all disposable income payable for 60 months under the means test.

**C.** Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

**D.** In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

**E.** Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

**F.** Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

**G.** The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

**H.** Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                Page 3                **F 3015-1.01.CHAPTER13.PLAN**

I.    Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.    If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.    Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A.    ORDER OF PAYMENT OF CLAIMS:**

**1st**    If there are Domestic Support Obligations, the order of priority will be:

        (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

        (b) Administrative expenses (Class 1(a)) until paid in full;

    If there are no Domestic Support Obligations, the order of priority will be:

        (a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

        (b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**    Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

**3rd**    Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B.    CLASSIFICATION AND TREATMENT OF CLAIMS:**

| CLASS 1 | | | | |
|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | |
| Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.<br><br>Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below. | | | | |
| **CATEGORY** | **AMOUNT OF PRIORITY CLAIM** | | **INTEREST RATE, if any** | **TOTAL PAYMENT** |
| a. Administrative Expenses | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | |
| (2) Attorney's Fees | $3,000.00 | | | $3,000.00 |
| (3) Chapter 7 Trustee's Fees | $0.00 | | | $0.00 |
| (4) Other | | | | |
| (5) Other | | | | |
| b. Other Priority Claims | | | | |
| (1) Internal Revenue Service | | | | |
| (2) Franchise Tax Board | | | | |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*        Page 4        **F 3015-1.01.CHAPTER13.PLAN**

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| (3) Domestic Support Obligation | | | |
| (4) Other | | | |

c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)

*(specify creditor name):*

| | | | |
|---|---|---|---|
| | | | |

---

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

❑  None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑  Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Navy Federal Credit Union | 5486 | -- | 0.00% | | $0.00 | ❑Trustee ☑Debtor |
| Figure Lending | 5482 | -- | 0.00% | | $0.00 | ❑Trustee ☑Debtor |

---

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

❑  **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☑  Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

US Bank - 0260

Navy Federal Credit Union - 2346

The claims of these creditors are unimpaired under the plan.

---

## CLASS 3B

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                             Page 5                             **F 3015-1.01.CHAPTER13.PLAN**

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND
PAID IN FULL DURING THE TERM OF THIS PLAN.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance**. Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

   (a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

      (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

      (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

   (b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL
DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS,
IF APPLICABLE.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                   Page 6                          **F 3015-1.01.CHAPTER13.PLAN**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | ☐Trustee<br>☐Debtor |

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | ☐Trustee<br>☐Debtor |
| | | | | | | ☐Trustee<br>☐Debtor |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 7                    **F 3015-1.01.CHAPTER13.PLAN**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
|---|---|---|---|---|---|---|
| | | | | | | ☐ Trustee  ☐ Debtor |

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:

*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*

☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

## CLASS 5B

☐ **Maintenance of payments**. Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

## CLASS 5C

☐ Other separately classified nonpriority unsecured claims.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE (if applicable) | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | | |

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
| | |

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 8                    **F 3015-1.01.CHAPTER13.PLAN**

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

Creditor Name: _____

Description: _____

        ☐ **Rejected**          ☐ **Assumed; cure amount (if any):** _____, to be
                                            paid over _____ months

Creditor Name: _____

Description: _____

        ☐ **Rejected**          ☐ **Assumed; cure amount (if any):** _____, to be
                                            paid over _____ months

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

## Section III. PLAN SUMMARY

| | |
|---|---|
| **CLASS 1a** | $3,000.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $0.00 |
| **CLASS 3B** | $0.00 |
| **CLASS 3C** | $0.00 |
| **CLASS 3D** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5A** | $48,935.04 |
| **CLASS 5C** | $0.00 |
| **CLASS 7** | $0.00 |
| **SUB-TOTAL** | $51,935.04 |
| **CHAPTER 13 TRUSTEE'S FEE**<br>**(Estimated 11% unless advised otherwise)** | $5,770.56 |
| **TOTAL PAYMENT** | $57,705.60 |

## Section IV. NON-STANDARD PLAN PROVISIONS

       ☐ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. **Any nonstandard Plan provision that does not comply with these requirements is  ineffective .** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐  A.  Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)].    Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐  B.  Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)].    Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.):

_____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.):

_____

☐  C.  Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien.    Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                              Page 10                              **F 3015-1.01.CHAPTER13.PLAN**

## <u>DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN</u>

**TO CREDITOR LIENHOLDER/SERVICER**

❑   Real property collateral (street address and/or legal description or document recording number, including county of recording):

*(attach page with legal description of property or document recording number as appropriate).*

❑   Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

❑   11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

❑   11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

❑   (1)   discharge under 11 U.S.C. § 1328, or

❑   (2)   Upon completion of all Plan payments.

Value of collateral: ................................................................................................................................................................................................

Liens reducing equity (to which subject lien can attach):

_____ + _____ + _____ = ( _____ )

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ........................................................................... ( _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form  Attachment B, C and/or D  to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0-): .................................................................... _____

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☑   **D.    Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

**Attorney Fees**
This is a Non Rights and Responsibilities Agreement ("RARA") case. Debtors' Attorney will seek allowance of her fees via an Application for fees and costs. The actual amount of Attorney's fees and costs to be paid through the Debtors' Plan will be subject to an order of the Court. The amounts set forth in this Plan are only estimates.

# V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                      Page 11                                      **F 3015-1.01.CHAPTER13.PLAN**

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date: **12/05/2023**

**Misty Perry Isaacson**
Attorney for Debtor

James Frederic Chapel, Jr
Debtor

Elizabeth Grace Chapel
Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 12                                    **F 3015-1.01.CHAPTER13.PLAN**

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

**1. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**2. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**3. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**4. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**5. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**6. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**7. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**8. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**9. Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd lien on 123 Main St.): _____

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (*date*) _____12/05/2023_____

*Printed Name* _____Misty Perry Isaacson_____      *Signature:* _____/s/ Misty Perry Isaacson_____

☑ Attorney for Debtor or     ☐ Debtor appearing without attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*        Page 13        **F 3015-1.01.CHAPTER13.PLAN**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1851 E. First Street, Suite 700, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF (1) 11 U.S.C. SECTION 341(a) MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN, WITH COPY OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____12/06/2023____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed;

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/06/2023 | Misty Perry Isaacson | /s/ Misty Perry Isaacson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>JAMES FREDRIC CHAPEL<br>ELIZABETH GRACE CHAPEL | CASE NO: 8:23-BK-12569-MH<br><br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 12/6/2023, I did cause a copy of the following documents, described below,

Debtor's Notice of (1) 11 U.S.C. § 341(a) Meeting of Creditors, and (2) Hearing on Confirmation of Chapter 13 Plan, with Copy of Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/6/2023

/s/ Misty Perry Isaacson
Misty Perry Isaacson  193204
Attorney for Debtor
Pagter and Perry Isaacson
1851 E. First Street, Suite 700
Santa Ana, CA  925705
714 541 6072
misty@ppilawyers.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 8:23-BK-12569-MH |
| JAMES FREDRIC CHAPEL | **CERTIFICATE OF SERVICE** |
| ELIZABETH GRACE CHAPEL | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 12/6/2023, a copy of the following documents, described below,

Debtor's Notice of (1) 11 U.S.C. § 341(a) Meeting of Creditors, and (2) Hearing on Confirmation of Chapter 13 Plan, with Copy of Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 12/6/2023

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Misty Perry Isaacson
Pagter and Perry Isaacson
1851 E. First Street, Suite 700
Santa Ana, CA  925705

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled (EXCLUDE) were not served via First Class USPS Mail Service.

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 823-BK-12569-MH
CENTRAL DISTRICT OF CALIFORNIA
WED DEC 6 10-29-30 PST 2023

~~EXCLUDE~~
~~SANTA ANA DIVISION~~
~~411 WEST FOURTH STREET  SUITE 2030~~
~~SANTA ANA  CA 92701-4500~~

AMERICAN EXPRESS
PO BOX 981540
EL PASO  TX 79998-1540

AMEX
CORRESPONDENCEBANKRUPTCY
PO BOX 981540
EL PASO  TX 79998-1540

BANK OF AMERICA
PO BOX 15284
WILMINGTON  DE 19850-5284

BANK OF AMERICA
PO BOX 31785
TAMPA  FL 33631-3785

CHUCK BISCHOFF
11116 THAMES CT
RIVERSIDE  CA 92503-5804

CITI BANK
PO BOX 6500
SIOUX FALLS  SD 57117-6500

COSTCO CITI CARD
ATTN BANKRUPTCY
PO BOX 6500
SIOUX FALLS  SD 57117-6500

DISCOVER PERSONAL LOANS
ATTN BANKRUPTCY
PO BOX 30954
SALT LAKE CITY  UT 84130-0954

ELIZABETH GRACE CHAPEL
1722 DEL MAR AVE
LAGUNA BEACH  CA 92651-3812

FMC FINANCIAL BENEFITS GROUP LLC
668 N COAST HWY PMB 418
LAGUNA BEACH  CA 92651-1513

FIGURE LENDING
ATTN BANKRUPTCY
PO BOX 40534
RENO  NV 89504-4534

FIGURE LENDING LLC
PO BOX 40534
RENO  NV 89504-4534

FINAL TOUCH ROOFING
16466 FOOTHILL BLVD
FONTANA  CA 92335-3367

HOMESTREET BANK
CO ALLEN MATKINS
865 S FIGUEROA ST SUITE 2800
LOS ANGELES  CA 90017-2795

JAMES  FREDRIC CHAPEL  JR
1722 DEL MAR AVE
LAGUNA BEACH  CA 92651-3812

NAVY FEDERAL CREDIT UNION
ATTN  BANKRUPTCY
PO BOX 3000
MERRIFIELD  VA 22119-3000

~~EXCLUDE~~
~~(D)NAVY FEDERAL CREDIT UNION~~
~~ATTN BANKRUPTCY~~
~~PO BOX 3000~~
~~MERRIFIELD  VA 22119-3000~~

~~EXCLUDE~~
~~(D)NAVY FEDERAL CREDIT UNION~~
~~ATTN BANKRUPTCY~~
~~PO BOX 3000~~
~~MERRIFIELD  VA 22119-3000~~

PAGTER AND PERRY ISAACSON
1851 EAST FIRST STREET SUITE 700
SANTA ANA  CA 92705-4064

SOFI LENDING CORP
ATTN BANKRUPTCY
PO BOX 654158
DALLAS  TX 75265-4158

SOLAR GOING UP
CO JOHN CRANNY
22980 LASSEN DR
CANYON LAKE  CA 92587-7941

US SMALL BUSINESS ADMINISTRATION
409 3RD ST SW
WASHINGTON  DC 20416-0002

(P)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-2678

US TRUSTEE  SANTA ANA DIVISION
411 W 4TH ST STE 7160
SANTA ANA  CA 92701-4500

(P)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via a First Class USPS Mail Service.

~~EXCLUDE~~
~~UNITED STATES TRUSTEE (SA)~~
~~411 W FOURTH ST SUITE 7160~~
~~SANTA ANA CA 92701-4500~~

~~EXCLUDE~~
~~AMRANE (SA) COHEN (TR)~~
~~770 THE CITY DRIVE SOUTH SUITE 3700~~
~~ORANGE CA 92868-4928~~

~~EXCLUDE~~
~~(D)ELIZABETH GRACE CHAPEL~~
~~1722 DEL MAR AVE~~
~~LAGUNA BEACH CA 92651-3812~~

~~EXCLUDE~~
~~(D)JAMES FREDRIC CHAPEL JR~~
~~1722 DEL MAR AVE~~
~~LAGUNA BEACH CA 92651-3812~~

~~EXCLUDE~~
~~MISTY A PERRY ISAACSON~~
~~PAGTER AND PERRY ISAACSON APLC~~
~~1851 E FIRST ST STE 700~~
~~SANTA ANA CA 92705-4064~~

COURT'S LIST OF (23 PENDING FORM) RECIPIENTS

(U.S. Trustee)
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

ustpregion16.sa.ecf@usdoj.gov

(Trustee)
Amrane (SA) Cohen (TR)
770 The City Drive South Suite 3700
Orange, CA 92868

efile@ch13ac.com

(Debtor)
James Fredric Chapel, Jr
1722 Del Mar Ave
Laguna Beach, CA 92651-3812
represented by:
Misty A Perry Isaacson
Pagter and Perry Isaacson, APLC
1851 E First St Ste 700
Santa Ana, CA 92705

misty@ppilawyers.com

(Joint Debtor)
Elizabeth Grace Chapel
1722 Del Mar Ave
Laguna Beach, CA 92651-3812
represented by:
Misty A Perry Isaacson
Pagter and Perry Isaacson, APLC
1851 E First St Ste 700
Santa Ana, CA 92705

misty@ppilawyers.com