Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Tel: (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

Chapter 13 Trustee

**FILED & ENTERED**

**MAR 07 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

CHANGES MADE BY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

JAMES FREDRIC CHAPEL, JR
ELIZABETH GRACE CHAPEL

Debtor(s).

**Case No.: 8:23-bk-12569-MH**

Chapter 13

**ORDER OVERRULING CHAPTER 13 TRUSTEE'S OBJECTIONS TO CLAIMS OF EXEMPTION**

Hearing:
Date:        February 29, 2024
Time:       10:30 am
Courtroom: 6C
Address:    411 West Fourth Street,
            Santa Ana, CA 92701

The Court, having considered the Motion re Objection to Debtor's Claims of Exemption filed on January 29, 2024 [Docket No. 24] (the "Objection") by Amrane Cohen, Chapter 13 Trustee at the date, time, and location stated above, having considered Debtor's opposition to the Objection, based upon the record made at the hearing, and for

///
///
///
///

1

ORDER OVERRULING CHAPTER 13 TRUSTEE'S OBJECTIONS TO CLAIMS OF EXEMPTION

1 | the reasons set forth in the tentative ruling on the Objection attached as Exhibit A,

2 |     IT IS ORDERED that the Objection is overruled.

3 |                                 ###

Date: March 7, 2024

Mark Houle
United States Bankruptcy Judge

2

ORDER OVERRULING CHAPTER 13 TRUSTEE'S OBJECTIONS TO CLAIMS OF EXEMPTION

**2/29/2024**

**BACKGROUND**

On December 5, 2023, James & Elizabeth Chapel ("Debtors") filed a Chapter 13 voluntary petition. Among the assets listed on Schedule B and exempted on Schedule C were the following:

1) Cash, $114
2) Navy FCU #1867, $4,885.82
3) Navy FCU #4684, $10.25
4) Navy FCU #9851, $72.14
5) Navy FCU #9537, $101.33
6) Navy FCU #7898 (mother's account), $31.82
7) Navy FCU #2997 (mother's account), $0
8) Navy FCU #4084 (mother's account), $9,094.21
9) Navy FCU #6620 (mother's account), $735,632.17
10) Navy FCU #3636 (mother's account), $3,035.41
11) Chase account, $94.37
12) One America deferred compensation plan, $539,032.89
13) MassMutual retirement plan, unknown

On January 29, 2024, Debtors filed amended schedules removing the FCU accounts removing #6, and #8-#10. Less than two hours later, Trustee filed an objection to exemptions. Trustee objected to: (1) all cash and accounts exempted under CAL. CODE CIV. P. § 704.225; (2) the One America deferred compensation plan; and (3) the MassMutual retirement plan. It appears that Trustee had not reviewed the amended schedules at the time of filing the objection to exemption.

On February 12, 2024, Debtors amended their schedules again. The amended schedules filed on February 12 removing one of the legal bases for the claimed exemptions in #12-13, leaving CAL. CODE CIV. P. § 704.115(b) as the remaining basis. On February 13, 2024, Debtors filed their opposition to Trustee's objection.

It is not clear how Debtors' amended schedules affect Trustee's objection to exemptions. Given the minor amount of money in financial accounts now exempted pursuant to § 704.225, it is not clear whether Trustee intends to proceed with an objection to those exemptions.

The remaining material issue appears to be Trustee's objection to the exemption claimed in the deferred compensation plan. Trustee contends that Debtor has not provided evidence demonstrating that the deferred compensation plan is a retirement plan.

The opposition filed by Debtors argues that the deferred compensation agreement qualifies as a retirement plan under CAL. CODE CIV. P. § 704.115 because the Debtor cannot effectively terminate the agreement (and thus cannot receive funds in the plan at the time of termination).

## DISCUSSION

As a preliminary matter, FED. R. BANKR. P. Rule 4003(c) provides: "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." As such, Trustee has the burden at this hearing.

Here, it appears the Debtor has satisfied his burden that the One America plan is a retirement plan, and Trustee has not filed a reply. On that basis, the Court is inclined to agree with the Debtor's showing and DENY the Trustee's objection.

APPEARANCES REQUIRED.